IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02624-BNB

ALEXANDER ROSES

Applicant,

v.

MR. FAULK, SCF Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Alexander Roses, is a prisoner in the custody of the Colorado

Department of Corrections incarcerated at the Sterling Correctional Facility in Sterling,

Colorado.  Mr. Roses has filed *pro se* an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He is challenging the validity of his

Colorado conviction and sentence in the District Court, City and County of Denver case

number 93CR620.  Mr. Roses has been granted leave to proceed pursuant to 28 U.S.C.

§ 1915.

On October 8, 2013, Magistrate Judge Boyd N. Boland directed Respondents to

file a pre-answer response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A) (ECF No. 5).  After being granted an extension of time to file a pre-answer

response, Respondents submitted a Motion for Leave to Move to Dismiss § 2254 Action

(ECF No. 11) arguing that the application is time barred.  The Court granted leave to file

a motion to dismiss and Respondents filed the Motion (ECF No. 13) on December 3, 2013.  Mr. Roses did not file a response to the Motion to Dismiss.

The Court must construe Mr. Roses's Application liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period under 28 U.S.C. § 2244(d)(1).

In 1993, a jury found Mr. Roses guilty of second-degree murder and three counts of habitual criminal.  (ECF No. 11-2, at 11-12.)  The trial court sentenced him to life in prison.  (*Id.,* at 12.)  Mr. Roses filed a direct appeal, and on May 16, 1996, the Colorado Court of Appeals affirmed his conviction.  (ECF No. 11-3, at 1.)  On June 17, 1997, the order of the Colorado Supreme Court denying certiorari review was filed in the state district court, and the mandate issued on July 24, 1997.  (ECF No. 11-2, at 6; No. 11-3, at 1.)

According to the record before the Court, Mr. Roses did not file any motions until November 16, 1998, when he submitted a motion for appointment of counsel.  The state district court denied the motion and Mr. Roses did not appeal.  (ECF No. 11-2, at 5.)

On April 27, 1999, Mr. Roses filed his first motion for postconviction relief under Rule 35(c), which the state district court denied for failure to state grounds for relief.  (ECF No. 11-2, at 5.)  He did not appeal.  On June 14, 1999, Mr. Roses filed a second motion for postconviction relief under Rule 35(c), which the state district court denied.  (*Id.*)  Mr. Roses appealed the decision, and on June 15, 2000, the Colorado Court of

2

Appeals affirmed the state district court's order denying the postconviction Rule 35(c) motion. (*Id.*, at 4-5; No. 11-4, at 1.)  He did not seek certiorari review, and the mandate issued on August 21, 2000.  (ECF No. 11-4, at 1.)

Nearly five years elapsed before Mr. Roses filed a motion for jury instructions on September 12, 2005.  (ECF No. 11-2, at 4.)  The state district court denied the motion and also ordered that "[a]ny further motions or letters for post-conviction relief shall be summarily stricken." (*Id.*)  Mr. Roses did not appeal.

On June 20, 2011, almost six years later, Mr. Roses filed a state petition for writ of habeas corpus.  (ECF No. 11-2, at 4.)  The state district court construed the habeas petition as a motion for postconviction relief under Rule 35(c) and denied it.  (*Id.*)  The Colorado Court of Appeals affirmed the ruling on August 30, 2012.  (ECF No. 1, at 13-17.)  On April 8, 2013, the Colorado Supreme Court denied certiorari review.  (*Id.,* at 18.)

Mr. Roses initiated the instant habeas corpus action on September 25, 2013, and he asserts two claims in the Application.  First, Applicant raises an ineffective assistance of counsel claim alleging that his conviction violates due process and equal protection because his trial counsel did not argue that, under the facts of the case, Mr. Roses could not be charged or convicted of the lesser charge of murder in the second degree.  Second, Applicant raises a due process claim alleging that the state district court failed to follow the state statute that requires a preliminary hearing on the second-degree murder charge.

Respondents argue that the Application is time barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine the date on which the judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final "after the United States Supreme Court has denied review" of a decision by the state court of last resort, or, "if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed."  *See Locke v. Saffle*, 237 F.3d 1269,

4

1273 (10th Cir. 2001).  Here, Mr. Roses was found guilty and sentenced in 1993, prior

to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act

("AEDPA").  Consequently, the one-year limitation period could not begin to run until

April 24, 1996.  On this date, Mr. Roses's direct appeal was pending and thus, his

judgment was not final.  On June 17, 1997, the order of the Colorado Supreme Court

denying certiorari review of the Colorado Court of Appeals decision affirming Mr.

Roses's conviction was filed in the state district court.  (ECF No. 11-2, at 6; No. 11-3, at

1.)   Mr. Roses did not file a petition for writ of certiorari with the United States Supreme

Court, and thus his conviction became final on September 15, 1997, when the time to

seek review expired.  (ECF No. 11-2, at 6.)

The Court also finds that the one-year limitation period began to run on

September 15, 1997, because Mr. Roses does not allege or argue that he was

prevented by unconstitutional state action from filing this action sooner, he is not

asserting any constitutional rights newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review, and he knew or could have

discovered the factual predicate for his claims before his conviction became final.   *See*

28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Roses did not initiate this action within one year after September 15, 1997.

Therefore, the Court next must determine whether the one-year limitation period was

tolled for any period.  Pursuant to § 2244(d)(2), a properly filed state court

postconviction motion tolls the one-year limitation period while the motion is pending.

*See also Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  An application for

postconviction review is properly filed within the meaning of § 2244(d)(2) "when its

5

delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a post-conviction motion is pending is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, Mr. Roses's limitations period began to run on September 15, 1997, and continued unabated until it expired a year later on September 15, 1998. *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (one-year limitations period ends on the one-year anniversary of the date upon which the period began to run). The state court registry for case number 93CR620 shows that Mr. Roses did not file any motions during this period. His first motion for postconviction relief was not filed until April 27, 1999, more than seven months after the one-year limitation period had expired.

6

Even assuming that Mr. Roses's motion for appointment of counsel, filed on November 16, 1998, raised postconviction claims, this filing also was outside the AEDPA limitations period.

Accordingly, this Court finds that Mr. Roses's postconviction motions did not toll the limitations period because it already had expired before he filed any motions. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Therefore, the Application is untimely in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, ----, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court"

7

in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722

(1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can

demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant

is not required to demonstrate he diligently pursued the actual innocence claim.  *See*

*Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a

claim of actual innocence requires an applicant "to support his allegations of

constitutional error with new reliable evidence--whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not

presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that

it is more likely than not that no reasonable juror would have convicted him in the light of

the new evidence." *Id.* at 327.  The Court emphasizes that a "substantial claim that

constitutional error has caused the conviction of an innocent person is extremely rare."

*Id.* at 324.  Applicant's ignorance of the law does not justify the extraordinary remedy of

equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v.*

*Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

Mr. Roses fails to assert any reason for this Court to toll the one-year limitation

period.  Therefore, under § 2244(d), Mr. Roses is time-barred from filing a federal

habeas corpus action in this Court.  Because the action clearly is time-barred, the Court

will refrain from addressing whether Mr. Roses has exhausted state court remedies or

procedurally defaulted his claims.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Roses files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Respondent's Motion to Dismiss § 2254 Action (ECF No. 13) is granted and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 16th day of ___January___, 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

9